IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. BERG | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-4204 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                                                                        June 13, 2024

Pro se Plaintiff John C. Berg brings this action against the Commonwealth of Pennsylvania and the State of Florida, seeking to be relieved of the obligation to comply with sex offender registration and notification laws in both states based on alleged violations of his rights under the Due Process Clause of the Fourteenth Amendment. Since filing the complaint in this case, Berg has filed several motions for temporary injunctive relief and for a default judgment. Because Berg has not shown a reasonable probability he will eventually succeed in this litigation, his motions for injunctive relief will be denied. His default judgment motions will also be denied for failure to comply with Federal Rule of Civil Procedure 55(a) and because he has not shown the defendants were properly served.

**BACKGROUND**

In October 2016, Berg pled guilty to the misdemeanor offense of indecent assault, in violation of 18 Pa. Cons. Stat. § 3126(a)(1), which prohibits a person from having "indecent contact with [the] complainant . . . without the complainant's consent." Compl. ¶¶ 1-2, ECF No. 1. Berg was sentenced to 18 months of probation and was "required to submit to the reporting and notification requirements of SORNA II," Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa. Cons. Stat. §§ 9799.10 et seq., for a period of 15 years. Compl. ¶ 3.

Berg alleges he was improperly subjected to these requirements because of a "facial inconsistency" within the SORNA II statute. *Id.* ¶ 7. According to the Complaint, the inconsistency arises because one provision of the statute specifies it applies only to "individuals who committed a sexually violent offense." *Id.* ¶¶ 4, 7 (citing 42 Pa. Cons. Stat. § 9799.11(c)). Yet another provision classifies a violation of 18 Pa. Cons. Stat. § 3126(a)(1) as a "Tier 1 sexual offense," which subjects the offender to reporting and notification requirements. *Id.* ¶ 6 (citing 42 Pa. Cons. Stat. § 9799.14(b)(6)). Berg maintains these provisions are inconsistent in that his offense of conviction "subjects [him] to the rigors of SORNA II," even though it "contain[s] no element of physical coercion, force or violence." *Id.* ¶¶ 5-6; *see also id.* ¶ 10 (alleging Berg's "assignment to the strictures of SORNA II" was "in contradiction to the language [of § 9799.11(c)] limiting the application of SORNA II to 'violent' offenders"). He further alleges that, at the time he pled guilty, neither his counsel nor the court "advised [him] of the legal impact of the statutory inconsistency by which he was 'elevated' from a low-level, minor misdemeanor offender into a SORNA II sex offender." *Id.* ¶ 8.

Unaware of this statutory inconsistency, Berg completed his probation and faithfully complied with the reporting and notification requirements of SORNA II for seven years, registering with the Pennsylvania State Police annually and having his name published by the "victim unit." *Id.* ¶¶ 9-11. Then, in October 2023, Berg and his wife relocated from Pennsylvania to Florida to be closer to extended family members who can provide them with personal care assistance they require due to their age-related disabilities. *Id.* ¶¶ 9 (second),[1] 14, 16. As a result of the move, Berg has become subject to Florida's version of SORNA, which contains more

---

[1] Because the Complaint contains two sets of paragraphs numbered 9 through 12, the parenthetical "second" refers to the second paragraph with a given number.

onerous reporting and notification requirements than the Pennsylvania statute. *See id.* ¶¶ 10-12 (second), 15. In particular, Berg alleges that, under Florida law, he will be designated a "sexual predator" and will be required to carry a driver's license identifying him as such. *Id.* ¶¶ 11 (second), 15.

On October 26, 2023, Berg filed a complaint against the Commonwealth of Pennsylvania and the State of Florida in this court, alleging "violation of his rights pursuant to Amendment 14 of the U.S. Constitution"[2] and seeking to be relieved of the burden of complying with the Pennsylvania and Florida SORNA laws.[3] *Id.* at 1, 3. Berg has since filed three motions for temporary injunctive relief seeking the same relief sought in his complaint. He has also filed three motions for default judgment. On May 22, 2024, the case was reassigned to the undersigned district judge.

**DISCUSSION**

    **A.**    **Motions for Injunctive Relief**

Berg has filed three motions asking the Court to enjoin Pennsylvania and Florida from requiring him to comply with state reporting requirements attendant to his criminal conviction. To obtain such preliminary injunctive relief, a movant must demonstrate "(1) a reasonable probability

---

[2] The complaint also alleges "the application of 28 USCS sec 1407 is required in this complaint," Compl. 1, but that statute is inapplicable here. Section 1407 provides a mechanism whereby "civil actions involving one or more common questions of fact" which are pending in different districts may be transferred to a single district for coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a). This matter, however, involves only one action pending in one district—the Eastern District of Pennsylvania.

[3] Before filing the complaint in this action, Berg attempted to commence a civil action against the same defendants by filing a motion for a temporary restraining order in this court. *See Berg v. Pennsylvania*, Civil No. 23-3742, ECF No. 1. The earlier action was dismissed without prejudice based on Berg's failure to file a complaint. *Id.*, ECF No. 7.

3

of eventual success in the litigation, and (2) that [he] will be irreparably injured . . . if relief is not granted." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).  If these "threshold factors" are established, the district court must also consider (3) "whether granting relief will result in even greater harm to the nonmoving party or other interested persons," and (4) "whether the public interest favors such relief." *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021).  The court must then "'determine[] in its sound discretion' whether the balance of all factors warrants granting preliminary relief." *Id.* (quoting *Reilly*, 858 F.3d at 179).  But if either of the first two factors is not established, preliminary relief must be denied.  *See id.*[4]

Here, Berg's motions must be denied because he has failed to demonstrate a reasonable probability of eventual success in this litigation.  As an initial matter, the Court is skeptical this suit can be maintained against the named defendants—the Commonwealth of Pennsylvania and the State of Florida—because an individual generally cannot sue states in federal court. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) ("Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999))).

Moreover, Berg has not shown there is a reasonable probability he will prevail on his claims that requiring him to comply with sex offender registration and notification laws in Pennsylvania and Florida violates due process.  The crux of Berg's claims appears to be that he never should have been designated as a sexual offender in Pennsylvania because his offense of conviction—

---

[4] The same standard applies whether Berg's motions are construed as seeking a preliminary injunction or a temporary restraining order. *See Corporate Synergies Grp., LLC v. Andrews*, 775 F. App'x 54, 58 n.5 (3d Cir. 2019) (holding the factors to be considered are the same for evaluating both temporary restraining orders and preliminary injunctions).

indecent assault based on lack of consent, in violation of 18 Pa. Cons. Stat. § 3126(a)(1)—did not involve "physical force or violence" and thus should not qualify as a "sexually violent offense." *See* Mot. Temporary Relief 1-2, ECF No. 2.  His claims regarding the Florida statute stem from his allegedly improper classification in Pennsylvania.

As Berg notes, the requirements of the Pennsylvania SORNA II statute "apply to individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted."  42 Pa. Cons. Stat. § 9799.11(c); *see also id.* § 9799.13 (providing the statute applies to various categories of "sexual offenders"); *id.* § 9799.12 (defining the term "sexual offender" as "[a]n individual who has committed a sexually violent offense").  But the statute defines the term "sexually violent offense" broadly as "[a]n offense specified in section 9799.14 . . . as a Tier 1, Tier II or Tier III sexual offense."  *Id.* § 9799.12.  Section 9799.14, in turn, specifically identifies a violation of "18 Pa.C.S. § 3126(a)(1) (relating to indecent assault)" as a Tier 1 sexual offense, *id.* § 9799.14(b)(6), a fact Berg acknowledges in his complaint, Compl. ¶ 6.  Berg thus has not shown a reasonable likelihood his designation as a sexual offender was improper, much less a violation of due process.  Accordingly, his motions for injunctive relief will be denied.

### B. Motions for Default Judgment

Berg has also filed three motions for default judgment against both defendants.  These motions, too, must be denied for two reasons.

First, the motions are procedurally improper.  Under Federal Rule of Civil Procedure 55(a), a plaintiff must first seek entry of an opposing party's default by the Clerk of Court before moving for a default judgment under Rule 55(b).  *See Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) ("[E]ntry of default by the Clerk under [Rule] 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b).").  While Berg has repeatedly

asked the Clerk of Court to enter a default judgment, *see* ECF Nos. 12-14, he has not sought entry of defendants' defaults.

Second, Berg is not entitled to a default judgment because the defendants in this case have not been properly served. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) (holding it would be "error as a matter of law" for a district court to enter a default judgment against a defendant that was never served); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is *a fortiori*, void, and should be set aside.").

Under Federal Rule of Civil Procedure 4(j), a state may be served in one of two ways: by either "delivering a copy of the summons and of the complaint to its chief executive officer; or . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Pennsylvania law provides that "[s]ervice of original process upon the Commonwealth or an officer of the Commonwealth . . . shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof." Pa. R. Civ. P. 422(a). Under Florida law, "[w]hen the state has consented to be sued, process against the state shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought and by sending two copies of the process by registered or certified mail to the Attorney General." Fla. Stat. § 48.121. Here, Berg sent the summons and complaint to the Secretaries of State of Florida and Pennsylvania via the United States Postal Service. *See* Certificate of Service, ECF No. 9. This method of service does not comply with Federal Rule of Civil Procedure 4(j)(2) as secretaries of state are not the chief executive officers of their states, and the Rule requires in-person service, not mailing. *Walker v. Pa. Dep't of Transp.*, 812 F. App'x 93, 93 (3d Cir. 2020). Berg's service attempts also do not

6

comply with the procedures outlined in either Pennsylvania or Florida law. Thus, Berg's motions for default judgment will be denied without prejudice.

**CONCLUSION**

For the reasons set forth above, Berg's motions for injunctive relief and for a default judgment will be denied.

An appropriate Order follows.

BY THE COURT:

   /s/ Juan R. Sánchez   
Juan R. Sánchez, J.